No. 368
### HALLE BROS. v. COMMERFORD
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5443.    Decided Jan. 12, 1925

829. NEGLIGENCE—Doctrine of imputed does not prevail in Ohio.

1273. WITNESSES—Failure of plaintiff to produce a witness is not ground for reversal.

LEVINE, J.

Frank Commerford sued the Halle Bros. Co. in the Cuyahoga Common Pleas for injuries sustained in a collision between a truck of the Halle Bros. and a machine in which he was riding. Commerford alleged specifically that the accident occurred because of the negligence of the Company in not having a tail light in the rear of its truck. He recovered a $1500 judgment.

The Halle Bros. prosecuted error and for its assignments declared that: 1. Commerford failed to offer the driver of the automobile in which he was a passenger as a witness; 2. The court erred in refusing to charge on the question of contributory negligence, and 3. Relating to testimony as to medical expenses. The Court of Appeals held:

1. The conduct of Commerford in omitting to produce evidence within his power affords occasion for presumptions against him since it raises a strong suspicion that if such testimony were produced it would operate to his prejudice. While such inference may be had it is not imperative that the jury draw such inference. In other words, a judgment cannot be reversed merely because there was a failure on part of Commerford to introduce a certain witness.

2. It is admitted that the doctrine of imputed negligence does not prevail in Ohio. There is no evidence which tends to show that Commerford omitted to do anything which could have prevented the accident, and the court was under no duty to charge on the question of contributory negligence, when there was no evidence whatsoever to sustain it.

Judgment of the Common Pleas affirmed.

Attorneys—J. R. Kistner for Halle Bros. D. R. Rothkopf for Commerford; both of Cleveland.

No. 369
### OHIO NAT. LIFE INS. CO. v. BAMBERG
Ohio Appeals, 3rd Dist., Hardin Co.

No. 147.    Decided March 11, 1925

1159. TAXES AND ASSESSMENTS— When deducted from proceeds of sale of property securing mortgage, not equivalent to payment of, within meaning of 5688 and 5689 GC.

HUGHES, J.

Mary Bamberg was the owner of a life estate in 100 acres of land some 30 years ago, and under a verbal contract delivered possession of it to her daughter, the remainderman, in consideration among other things that she pay taxes from year to year as they became due. After the daughter took possession, the Ohio National Life Insurance Co. took a mortgage in fee, subject to the life estate; and when it became due same was foreclosed and property was sold for an amount less than that needed to pay the Insurance Company's claim in full. It seemed that this was true because from the proceeds of sale there had been deducted over $500 for taxes which had become delinquent. This action was brought in the Hardin Common Pleas by the Insurance Co. against Mary Bamberg to recover the amount paid out for delinquent taxes.

It is apparent that the Insurance Co. proceeded upon the assumption and theory that it had been subrogated to the remainderman's rights. The Common Pleas rendered judgment in favor of Bamberg. Error was prosecuted and the Court of Appeals held:

1. Since by the contract between Bamberg, the life tenant, and her daughter, the remainderman, the remainderman had no rights against Bamberg at all, but was obliged to pay the taxes.

2. Bamberg never knew that the taxes had become delinquent and were remaining unpaid. The Insurance Co. never did pay the taxes and their claim that having the net amount deducted from proceeds of sale was equivalent to paying them, does not come within the meaning of the subrogation statutes; 5688, 5689 GC.

3. Rights asserted against life tenant could rise no higher than the rights of the one who had given to the Insurance Co., by assignment, all the rights it can claim. Judgment of lower court affirmed.

Attorneys—Bittinger, Schmitt & Kreis, Cincinnati, & G. B. DeWitt, Kenton, for Insurance Co.; C. W. Faulkner, Kenton, for Bamberg.